JOHN S. PICKETT, Jr., Judge Pro Tem.
This proceeding was instituted by Lake Charles Harbor & Terminal District, William T. Burton Industries, Inc., Conoco, Inc., North American Land Company, Mike Hooks, Inc., Mike Allen Hooks, Krause and *485 Managan Lumber Company, Managan Building Materials, Inc., Kelly Weber Compnay, Ideal Basic Industries, Inc., Don E. Kelly, and Wilson Rider, against The City of Westlake, Louisiana, seeking to vacate and annul its ordinance No. 387, adopted October 13, 1983, which enlarged the corporate boundaries of The City of Westlake so as to include within the boundaries of said city approximately 331.6 acres of land owned, all or in part, by petitioners.
The City of Westlake filed an answer, which was a general denial, and an exception of no right of action questioning the right of the corporate plaintiffs to institute and prosecute this action. Plaintiffs filed a request for admission of facts, to which defendant responded.
Three of the plaintiffs, Mike Allen Hooks, Don E. Kelly, and Wilson Rider, then filed a motion for summary judgment, which was heard, submitted and taken under advisement by the trial court. The trial court subsequently sustained the motion for summary judgment annulling ordinance No. 387 of the City of Westlake. The record does not indicate that the trial court ruled on appellant’s exception of no right of action. The City appealed.
FACTS
On October 13, 1983, the Mayor and Board of Aldermen for the City of West-lake adopted ordinance No. 387 enlarging and extending the boundary of the municipality. This ordinance was adopted in accordance with Louisiana Revised Statute 33:172(c). This statute provides, in part, as follows:
“... Notwithstanding the provisions of subsection A of this section, any municipality may annex contiguous areas by election provided at least ninety percent of the boundary of the area to be annexed is common to the boundary of the municipality, and provided further that a majority of the registered voters residing in the area proposed for annexation, and voting in an election held according to the provisions of R.S. 33:154 through 161 vote in favor of such annexation. No election as provided herein shall be necessary if there are no registered voters residing in the area to be annexed ...” (Emphasis ours).
The ordinance was adopted after due notice was published in the official journal for the municipality “The Westlake Moss Bluff” newspaper. A certificate from the Calca-sieu Parish Assessor’s Office was obtained showing the property owners and the assessed valuation of their respective properties. A certificate from the Calcasieu Parish Registrar of Voters was obtained showing there were no registered voters in the area. Since there were no registered voters residing in the area no election was held.
The entire property annexed by the ordinance is bounded on the east, south and west by a lake and ship channel. On the north the property is adjacent and contiguous to the corporate limits of the City of Westlake.
At the outset we observe that there is no disputed issue of fact material to a determination of the issue presented by this litigation. In well written reasons for judgment, the trial judge concluded that a municipality may annex contiguous areas under La. R.S. 33:172(c) only in instances where it is established that 90% of the entire boundary of the property or area to be annexed is common to the boundaries of the municipality. In this connection, the trial judge stated:
“These proceedings were begun by filing of a petition by various plaintiffs, seeking to vacate and annul Westlake City Ordinance #387, which enlarged the boundaries of the City of Westlake to include the properties of the plaintiffs, as described in said ordinance which set forth on the maps marked “Exhibit A”, drawn to scale and made parts of this record in conjunction with the affidavits of D.W. Jessen and Vernon Myers. There is no dispute between the parties as to the accuracy of the maps, which include the measurements thereon depicted.
*486 The portion on one map marked by a RED LINE and designated as the point between A and B on the other is the only portion of the boundary of the City of Westlake that is contiguous to the property^) sought to be annexed. This fact is undisputed, not only by the parties, but by the maps which indicate the corporate limits of the Town of Westlake. It is further agreed by the parties that the only applicable statute which controls in this situation is La.R.S. 33:172(c) which reads in pertinent part:
“... Any municipality may annex contiguous areas ... provided at least ninety percent of the boundary of the area to be annexed is common to the boundary of the municipality ...”
Looking to La.C.C. art. 784 for a definition of boundary, we find:
Boundary — Line of separation between contiguous lands.
For a definition of contiguous, we must look to the numerous cases in Louisiana jurisprudence which define contiguous as being lands which are adjacent.
If you transpose the word adjacent to replace contiguous and if you replace the word boundary with its definition to the pertinent parts of La.R.S. 33:172(c), you have the following:
Any municipality may annex adjacent areas provided at least ninety percent (90%) of the line of separation between adjacent land area to be annexed is common to the line of separation between the adjacent municipality.
It is the opinion of this court that the only sensible application of La.R.S. 33:172(c) would be that:
First, to apply the provisions of La.R.S. 33:172(c) for the purpose of annexing an area of property; that property to be annexed must have a boundary line contiguous and/or adjacent to the municipality.
Second, if there is a boundary line between the municipality and the property sought to be annexed that is contiguous, then the entirety of the boundary of the property sought to be annexed must be considered; and, as such, 90% of the entire boundary of that property must be the same or common to a boundary of the municipality.
In this instance the first condition has been met, i.e.. there is a line of separation between the subject area to be annexed which is adjacent and/or contiguous to the municipality; however, ninety percent (90%) of the entire boundary of the subject property to be annexed is not common to a boundary with the municipality of Westlake. In other words, there is no common boundary separating the subject property and the Town of Westlake which comprises 90% of the entire boundary of the subject property.”
We agree with the trial court’s interpretation of La.R.S. 33:172(c) and, accordingly, affirm the trial court’s judgment annulling ordinance No. 387 of the City of Westlake. This conclusion renders moot the issue concerning the right of the corporate plaintiffs to institute and prosecute this action.
For the above stated reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.