Dear Mr. Evans:
You advise that the municipal boundaries of the Town of Columbia are sought to be enlarged through annexation by petition and ordinance, adopted pursuant to LSA-R.S. 33:171, et seq.
LSA-R.S. 33:172 provides, in pertinent part:
 A. (1) No ordinance enlarging the boundaries of a municipality shall be valid unless, prior to the adoption thereof, a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners within the area proposed to be included in the corporate limits, all according to the certificates of the parish assessor and parish registrar of voters. If there are no registered voters residing in the area proposed for annexation, then the requirement for a majority of the registered voters on the petition shall not apply.
Under this method of annexation, no ordinance enlarging the boundaries of a municipality is valid unless a petition has been presented to the governing body containing the written assent of the majority of the registered voters and a majority in number of the resident owners who together must represent or own at least 25% in value of the property proposed to be annexed.
The process is subject to challenge. LSA-R.S. 33:174 provides in part:
§ 174. Suit to contest reasonableness of proposed extension of corporate limits
 A. Any interested citizen of the municipality or of the territory proposed to be annexed thereto may, within the thirty-day period before the ordinance becomes effective, file suit in the district court having jurisdiction over the municipality, to contest the proposed extension of the corporate limits. "Interested", as used in this Section, means a real and actual personal stake in the outcome of the contest of the extension of the corporate limits.
 B. The sole questions to be presented to the court in a contest of a proposed extension of the corporate limits shall be as follows:
(1) Whether the proposed extension is reasonable.
 (2) Whether, prior to the adoption of an ordinance enlarging the boundaries of a municipality, a petition was presented to the governing body of a municipality, and prior to the adoption of said ordinance, certificates were obtained from the parish assessor and parish registrar of voters showing that the said petition contained the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits.
 (3) Whether the municipality complied with its own requirements for the adoption of ordinance in adopting the annexation ordinance.
 C. If the extension of boundaries is adjudged reasonable, the ordinance shall go into effect ten days after the judgement is rendered and signed unless a suspensive appeal therefrom has been taken within the time and manner provided by law. If the proposed extension is adjudged invalid, the ordinance shall be vacated and the proposed extension shall be denied, and no ordinances proposing practically the same extension shall be introduced for one year thereafter. A similar right of appeal from the judgment of the district court annulling the ordinance shall be granted the municipality or any interested citizen as hereinabove provided.
"Reasonableness" has been judicially defined as:
 In assessing the reasonableness of an annexation, "the court considers generally the benefits and detriments to both the municipality and the area to be annexed." Kansas City So. Ry. Co. v. City of Shreveport, supra, at page 1369. Among the indicators of the reasonableness of annexation is the extension of police, fire, sanitary protection or other municipal services to substantial numbers of residents of adjacent areas. Id., at 1369; Nix v. Village of Castor, supra at 101. See Logan v. City of Lafayette, 543 So.2d 1045 (La.App. 3rd Cir. 1989) at page 1045.
In the opinion of this office, it is doubtful such an annexation could be considered reasonable by a district court, as the Town of Columbia provides no sewer service, water service, garbage service, fire protection, police protection, or other city services to the property to be annexed.
We also reject as unworkable an ordinance annexing this area adopted pursuant to LSA-R.S. 33:172(C).
LSA-R.S. 33:172(C) provides a municipality may annex contiguous areas under LSA-R.S. 33:172(C) only in instances where it is established that 90% of the entire boundary of the property or area to be annexed is common to the boundaries of the municipality. Interpreting this statute, an appellate court has stated the following:
 First, to apply the provisions of LSA-R.S. 33:172(C) for the purpose of annexing an area of property; that property to be annexed must be a boundary line contiguous and/or adjacent to the municipality.
 Second, if there is a boundary line between the municipality and the property sought to be annexed that is contiguous, then the entirety of the boundary of the property sought to be annexed must be considered; and, as such, 90% of the entire boundary of that property must be the same or common to a boundary of the municipality. See Lake Charles Harbor v. City of Westlake, 488 So.2d 484 (La.App. 3rd Cir. 1986); writ den., 493 So.2d 106 (La. 1986).
Referring to the attached plat provided by your office, we conclude that the property to be annexed (highlighted in yellow) fails to conform with the requirements of LSA-R.S. 33:172(C) in that ninety percent (90%) of the entire boundary of the subject property to be annexed is not common to the boundary of the municipality of Columbia. We conclude that an ordinance annexing this property to the Town of Columbia adopted pursuant to LSA-R.S. 33:172(C), would be invalid.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Mr. Iley H. Evans Assistant District Attorney P.O. Box 839 Columbia, La 71418
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL