Dear Mr. Carson:
This office is in receipt of your request for an opinion of the Attorney General in regard to annexation of land by a municipality. You indicate the parcel of land has a boundary common to the existing city limit of the municipality, but further state as follows:
 1. No registered voters are in the area to be annexed;
 2. No resident property owners reside in the area to be annexed; and
 3. One non-resident property owner, owning 100% of the property to be annexed, is the petitioner for annexation.
You further note that Atty. Gen. Op. dated Sept. 6, 1973 stated the following:
 When no resident property owners reside in the area to be annexed and no registered voters reside in the area to be annexed, it is only necessary that the owners of the twenty-five percent in value of the property in the area to be annexed need sign the petition for annexation. Otherwise, there would be no way for a municipality to annex an area where there are no registered voters and no registered (resident) property owners.
However, you find this in conflict with Atty. Gen. Op. 93-542 which found only property owners who reside within the area proposed to be annexed should be included for purposes of determining if the petition for annexation contains the signatures of a majority of resident property owners and twenty-five percent in value of the property of the resident property owners.
You ask what are the legal requirements for annexing a parcel of land by a municipality under the stated circumstances, and to clarify these two opinions that seem to be in conflict and suggest different results.
In accordance with R.S. 33:171, the limits and boundaries of incorporated municipalities may be enlarged by ordinance of the governing body. However, R.S. 33:172(A) provides no ordinance enlarging the boundaries shall be valid unless prior to the adoption thereof a petition has been presented to the governing body "containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits". This statute further provides, "If there are no registered voters residing in the area proposed for annexation, then the requirement for a majority of the registered voters on the petition shall not apply."
Therefore, the statute clearly provides if there are no registered voters residing in the area then such requirement shall not be required to be included in the petition. However, in the situation in question there are also no "resident" property owners.
This office in Atty. Gen. OP. 91-84 observed that Subsection C of R.S.33:172 is relative to annexation by election only in providing as follows:
 Notwithstanding the provisions of Subsection A of this Section, any municipality may annex contiguous areas by election provided at least ninety percent of the boundary of the area to be annexed is common to the boundary of the municipality, and provided further that a majority of the registered voters residing in the area proposed for annexation, and voting in an election held according to the provisions of R.S. 33:154
through 161 vote in favor of such annexation. No election as provided herein shall be necessary if there are no registered voters residing in the area to be annexed.
Thereafter, that opinion stated that Subsection D allows annexation by ordinance only, and provides as follows:
 D. Notwithstanding the provisions of Subsection (A) of this section, any municipality may annex contiguous areas without the petitions required by said Subsection (A), by ordinance, provided prior to the adoption of any such ordinance, the question of annexation shall be submitted to the qualified voters residing within the area proposed to be annexed in a special election called for that purpose by the municipality, and a majority of those voting at such election shall have voted in favor of the annexation. Any municipality may call such an election after being requested to do so through the petition signed by a least twenty-five percent of the resident property owners residing in the area requesting annexation and by the owners of at least twenty-five percent in value of the resident property within such area. The valuation of the property shall be determined as set forth in Subsection (A) above. The petition presented to the municipality shall contain an accurate description of the area proposed to be annexed. All elections called under the provisions of this subsection shall be conducted in the same manner as are other special elections called for bond and tax purposes by municipalities. (Emphasis added.)
Subsection D appears inapplicable wherein it calls for a special election after being requested to do so through petition that includes 25% of resident property owners in the area to be annexed, and the qualified voters residing in the area vote in favor since neither registered voters nor resident property owners are present in the area under the facts stated. Thus, you question whether the statute precludes all non-resident property owners owning 100% of vacant property contiguous to municipalities from having their property annexed.
It appears that the statute does not cover the situation where there are no registered voters or resident property owners in the area proposed to be annexed. However, we find the conclusion rendered in the Attorney General opinion in 1973 is reasonable wherein it allows for annexation when property owners of 25 percent in value of the property petition for annexation, and we do not find Atty. Gen Op. 93-542 in conflict inasmuch as it did not have before it the issue of what procedure is applicable when there are no resident property owners or registered voters.
Moreover, we find support for the reasoning in the 1973 opinion in Atty. Gen. Op. 85-818 and Subsection C of R.S. 33:172 which provides as follows:
 Notwithstanding the provisions of Subsection A of this Section, any municipality may annex contiguous areas by election provided at least ninety percent of the boundary of the area to be annexed is common to the boundary of the municipality, and provided further that a majority of the registered voters residing in the area proposed for annexation, and voting in an election held according to the provisions of R.S. 33:154
through 161 vote in favor of such annexation. No election as provided herein shall be necessary if there are no registered voters residing in the area to be annexed.
In Atty. Gen. Op. 85-818 this office recognized that R.S. 33:171
mandates prior to annexation the municipality must obtain the written consent of the majority of the registered voters and majority of the resident property owners as well as being twenty-five percent in value, but the requirement for a majority of the registered voters on the petition shall not apply where there are no registered voters residing in the proposed area for annexation. However, it was then observed as follows:
 Nevertheless, part C of the aforestated statute states that where a least ninety percent of the boundary of the area to be annexed is common to the boundary of the municipality, that municipality may annex this contiguous area by election, of which a majority vote of the registered voters residing in the area proposed for annexation must assent to the proposed annexation. However, no election shall be necessary if there are no registered voters residing in the area to be annexed.
 Therefore, a municipality may not annex a certain residential area located outside of its corporate boundaries without obtaining the written assent of a majority of the resident registered voters and/or a majority or the resident property owners residing within the proposed area to be annexed unless at least ninety percent of the area to be annexed is common to the boundary of the municipality and there are no registered voters within the area to be annexed. If there are no registered voters in the area to be annexed, then the municipality may annex the area contiguous to its boundaries without an election. * * *.
We do not have information to know if the property proposed to be annexed has as least ninety percent of a common boundary with the municipality which must be common land boundary. Lake Charles Harbor Terminal Dist. v. City of Westlake, 488 So.2d 484 (La.App. 3rd Cir, 1986).
Inasmuch as we do not find that the Attorney General opinion of 1973 has been recalled and it appears consistent with the intent of the legislature in Subsection C of R.S. 33:172, we note in the title to Act No 182 of 1981 to amended and reenacted Subsection C it states it is "relative to annexation by municipal ordinance of ninety percent contiguous areas, to provide for election and otherwise to provide with respect thereto." This is after Kansas City So. Ry. v. City ofShreveport, 354 So.2d 1362, (La 1978) and provides any municipality may annex by election when 90% of the boundary is common, and a majority of the registered voters residing in the area for annexation vote in favor of such annexation, but then declares, "No election as provided herein shall be necessary if there are no registered voters residing in the area to be annexed."
Moreover, under R.S. 33:173 an ordinance cannot become effective until thirty days after it has been published, and within the thirty days any interested citizen may file suit to contest the extension. R.S. 33:174
sets forth protective measures for interested citizens to contest the proposed extension of the corporate limits, and thereby have the court consider whether the proposed extension is reasonable. As observed by the office in Atty. Gen. Op. 95-39,. in assessing reasonableness the court considers generally the benefits and detriments to both the municipality and the area to be annexed, and among the indicators of the reasonableness of annexation is the extension of police, fire, sanitary protection or other municipal services to substantial numbers of residents of adjacent area. This office stated, "in the opinion of this office, it is doubtful such an annexation could be considered reasonable by a district court, as the Town of Columbia provides no sewer service, water service, garbage service, fire protection, police protection, or other city services to the property to be annexed."
As stated above for the legality of annexation where there are no resident property owners or registered voters it is required that 90% of the entire boundary of the property to be annexed be a common land boundary, and in accordance with the 1973 opinion of this office, owners of twenty-five percent of the value of the property must sign the petition for annexation. Moreover, as quoted above from Atty. Gen. Op. 85-818 the written assent of a majority of resident voters and resident property owners are required to annex residential area outside of its corporate boundaries "unless at least ninety percent of the area to be annexed is common to the boundary * * * and there are no registered voters within the area." It was then concluded, "If there are no registered voters in the area to be annexed, then the municipality may annex the area contiguous to its boundaries without an election."
We hope this sufficiently responds to your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPi/bbr